## STATE OF FLORIDA v PALADIN

### Case Nos. 89-803 CF 11, 89-1197 CF 21, 89-1530 CF 11, 89-1531 CF 11, 89-1557 CF 21

Nineteenth Judicial Circuit, St. Lucie County

May 15, 1990

### APPEARANCES OF COUNSEL

**Larry Shack, Esquire,** for the State of Florida.

**Robert E. Stone, Esquire,** for defendant, Joseph Paladin.

**John A. Bussian, Esquire,** for Florida Freedom Newspapers, Inc., intervenor.

**Jerome I. Budney, Esquire,** for Miami Herald Publishing Co., intervenor.

### OPINION OF THE COURT

MARC A. CIANCA, Circuit Judge.

*ORDER UNSEALING PLEA PETITION, PLEA AGREEMENT AND RELATED MATERIAL*

Florida Freedom Newspapers, Inc., which publishes *The Tribune* in

Fort Pierce and Port St. Lucie, and The Miami Herald Publishing Co., which published *The Miami Herald,* request to intervene to challenge the sealing of portions of the Court file—the plea petition, a plea agreement, and a tape recording relating to the plea agreement—all of which were sealed by the Court's oral order of January 2, 1990. The intervenors each have moved to vacate the order sealing those records and to obtain immediate access to them. For the following reasons, the motions are denied in part, and granted in part.

## THE PUBLIC AND PRESS HAVE A QUALIFIED RIGHT OF ACCESS TO THE DISPUTED JUDICIAL RECORDS

The First Amendment of the United States Constitution and the common law provide a qualified right of access to plea petitions, plea agreements, and other records pertaining to the taking of the defendant's plea. *See United States v Haller,* 837 F.2d 84 (2d Cir. 1988); *Miami Herald v Lewis,* 426 So.2d 1 (Fla. 1982). There is a strong presumption that the records in question are open to public scrutiny. *See Barron v Florida Freedom Newspapers, Inc.,* 531 So.2d 113, 117 (Fla. 1988). The presumption of openness can be overcome only if the party requesting to seal judicial records meets the stringent test announced by the Florida Supreme court in *Miami Herald v Lewis, supra.*

The parties seeking to seal a document filed with the Court must show the following by a preponderance of the evidence:

1. Closure is necessary to prevent a serious and imminent threat to the administration of justice;

2. No alternatives are available which would protect "higher values" asserted by the parties seeking to seal the records; and

3. Closure would be effective in protecting the higher value asserted, without being broader than necessary to accomplish that purpose.

*Miami Herald, supra,* 426 So.2d at 3; *Florida Freedom Newspapers, Inc. v McCrary, supra,* 520 So.2d at 35. Equally important, the press must be given notice of any request to seal a judicial record, and afforded the opportunity to challenge the request in a hearing before the court. *Miami Herald v Lewis, supra,* 426 So.2d at 7. If the request to seal a judicial record is challenged, the court must make findings of fact and conclusions of law so that the reviewing court will have the

211

benefit of the trial court's reasoning in granting or denying the request to seal. *Id.* at 8-9.

## *APPLICATION OF THE LEWIS TEST*

The Court finds, based upon the testimony adduced by the prosecution, that:

A. That the contents of the plea petition and a portion of the first page of the plea agreement do not meet the requirements of *Miami Herald v Lewis,* and by agreement among the parties, that material will be released immediately;

B. A serious and imminent threat to the administration of justice is presented by the immediate disclosure of the remaining portion of the plea agreement and the tape because an ongoing criminal investigation would be impaired;

C. No less restricted alternatives are available to preserve the integrity of the investigation; and

D. Sealing the remaining portion of the plea agreement and the tape until May 18, 1990 will be effective in preserving the integrity of the investigation.

It is, therefore, ORDERED that:

1. Florida Freedom Newspapers, Inc. and The Miami Herald Publishing Co. are granted leave to intervene;

2. The motions to vacate the January 2, 1990 order sealing portions of the file are denied in part and granted in part;

3. The plea petition and a portion of the first page of the plea agreement, attached as Composite Exhibit "1" hereto, shall be released for public inspection immediately; and

4. The remaining portion of the plea agreement and the tape should remain sealed until May 18, 1990, the date upon which the defendant is scheduled to be sentenced on the federal charges pending against him, at which time that material will again be available for public inspection as part of the court files.

DONE and ORDERED this 15th day of May, 1990.